UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff.

v.

JAMES MCGHEE,

    Defendant.
_____/

Case No. 20-20514

Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR BOND (Dkt. 39)**

Defendant James McGhee, who is currently awaiting sentencing after pleading guilty to conspiracy to distribute crack cocaine, has filed a motion for bond (Dkt. 39). The Government filed a response (Dkt. 43) and McGhee filed a reply (Dkt. 60). The Court heard oral argument on this motion during a hearing held on June 16, 2021. For the reasons that follow, McGhee's motion is denied.

**I. BACKGROUND**

On August 27, 2020, McGhee conspired with his co-defendants, James Tolbert and Kenyetta Colson to distribute crack cocaine and sold a quantity of the drug to an undercover agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). See Plea Agreement at 3 (Dkt. 46). On September 1, 2020, McGhee and his co-defendants once again sold crack cocaine to an undercover ATF agent. Id. at 4. On October 6, 2020, a warrant for McGhee's arrest was issued. Arrest Warrant (Dkt. 3). After a hearing, McGhee was ordered detained pending trial. Order of Detention (Dkt. 20). On March 23, 2021, McGhee pleaded guilty to conspiracy to distribute 28 grams or more of crack cocaine, see Plea Agreement, an offense which carries a minimum term of imprisonment of five years and a

maximum term of 40 years, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(B)(iii). McGhee is currently is awaiting sentencing.

McGhee has one prior drug trafficking conviction—for attempted delivery in 2007—and two prior violent felony convictions—for armed robbery and felony firearm in 2008 and attempted robbery as a habitual offender in 2015. Further, on August 17, 2020, McGhee was charged in Michigan's 36th district court with misdemeanor domestic violence and assault of Colson—one of McGhee's co-defendants in this case. See 36th Dist. Ct. Register of Actions for 8/17/20 Charge (Dkt. 43-2). The state court released McGhee on bond with a condition that he have no direct or indirect contact with Colson. Id. at 3. However, just a few days later, on August 27 and September 1, 2020, McGhee worked with Colson to sell drugs to the undercover ATF agent, leading to the charges in this case. In addition, on September 6, 2020, McGhee choked, bit, and pushed Colston. See Detroit Police Dep't Report (Dkt. 43-4). As a result, McGhee was charged in state court with felony assault with intent to do great bodily harm and domestic violence. See 36th Dist. Ct. Register of Actions for 9/6/20 Charge (Dkt. 43-3). The state court again released McGhee on bond with the condition that he not have any contact with Colson. Id. at 3–4. However, McGhee was found in a house with Colson on October 7, 2020, when he was arrested on the charges in this case. The state domestic violence and assault charges were ultimately dismissed.

## II. ANALYSIS

### A. Section 3143(a)(2)

Release or detention determinations for individuals like McGhee who are awaiting sentencing are governed by 18 U.S.C. § 3143. See Fed. R. Crim. P. 46(c). More specifically, 18 U.S.C. § 3143(a)(2) applies to McGhee because his conviction is an offense described in 18 U.S.C. § 3142(f)(1)(C)—an

offense for which a maximum term of ten years or more is prescribed by the Controlled Substances Act. Under § 3143(a)(2):

> The judicial officer shall order that a person who has been found guilty of an offense [described in 18 U.S.C. § 3142(f)(1)(C)] . . . and who is awaiting imposition or execution of a sentence . . . be detained unless
>
> (A)
>
> (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

In its proposed findings of fact and conclusions of law, the Government represents that it does not recommend that no sentence of imprisonment be imposed on McGhee. Thus, McGhee's detention is mandatory unless the Court finds that (i) there is a substantial likelihood that he will be granted an acquittal or a new trial and (ii) there is clear and convincing evidence that he is not a flight risk or a danger to the community. It is McGhee's burden to prove by clear and convincing evidence that he is not likely to flee or pose a danger to the community. See United States v. Strong, 775 F.2d 504, 508 (3d Cir. 1985).

Because McGhee has pleaded guilty, there is no possibility—let alone a "substantial likelihood"—that a motion for acquittal or new trial will be granted. Further, as explained in greater detail below, McGhee has not shown by clear and convincing evidence that he is unlikely to pose a danger to the community if released now. Consequently, McGhee does not satisfy the requirements to obtain release under § 3143(a)(2) and, therefore, detention is mandatory under that statute.

### B. Section 3145(c)

Since McGhee does not meet the criteria for release under § 3143(a)(2), his only alternative to obtain release is under 18 U.S.C. § 3145(c). Pursuant to § 3145(c), a person who is subject to detention under § 3143(a)(2) and who "meets the conditions of release set forth in section 3143(a)(1) or (b)(1)"—i.e., a person who shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community—"may" be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." "Danger" does not just mean physical violence; it also encompasses actions like drug trafficking, which clearly jeopardizes the health and safety of the community. See United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010); United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985) ("[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'").

McGhee has failed to carry his burden of showing by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community. He argues that he is not a danger to anyone because his state charges for domestic violence and assault have been dismissed. Mot. at 3. However, it appears that these charges were dismissed due to the victim's non-cooperation, not McGhee's innocence. In any event, while these charges were still pending, McGhee clearly violated the bond condition set by the state court prohibiting McGhee from contacting his victim. McGhee violated this condition multiple times, and in doing so he inflicted further physical harm upon his victim. This shows that McGhee is prone to committing violence against others and that bond conditions are insufficient to deter McGhee from doing so. McGhee's current drug offense and lengthy history of drug offenses and violent offenses likewise raise concerns that if released now he would commit further acts of violence or drug trafficking, both of which would endanger the safety of others and the community. See Stone, 608 F.3d at 947 n.6.

Further, McGhee has failed to show "exceptional reasons" for his release. McGhee argues that he needs to take care of his elderly father and that his sister is willing to house him and serve as a third-party custodian. Id. at 2-3. The fact that McGhee has an elderly father who requires assistance is not "exceptional" under the plain meaning of the term. Nor is the fact that McGhee's criminal activities have negative consequences for his family members. McGhee asserts that no other family member is available to take care of his father on a daily basis. Id. at 2. However, the accuracy of this assertion is called into question by the fact that McGhee's sister is apparently willing to house McGhee and monitor him on a daily basis. Based on her availability to assist McGhee, it appears that she might also be available to assist McGhee's father.

McGhee's sister's willingness to house him and serve as a third-party custodian is also not an exceptional reason for release. Many criminal defendants have friends or family members who are willing to house them and monitor them. Moreover, the Court is not assured that McGhee would be deterred whatsoever from committing further crimes by living with his sister. Notably, McGhee was living with his sister when he violated his state bond conditions.

Accordingly, McGhee is not entitled to release under § 3145(c).

### III. CONCLUSION

For the foregoing reasons, McGhee's motion for bond (Dkt. 39) is denied.

SO ORDERED.

Dated: July 23, 2021            s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                               United States District Judge